

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-82,509-03

### EX PARTE JAIME COVARRUBIAS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W99-32080-V(C) IN THE 292ND DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. *Covarrubias v. State*, No. 05-00-01387-CR (Tex. App. — Dallas April 2, 2002) (not designated for publication).

On February 6, 2019, Applicant filed this *pro se* application for writ of habeas corpus in the trial court. On March 11, 2019, the trial court entered a timely order designating issues and appointed a writ master to resolve those issues. On March 22, 2019, Applicant filed a motion

requested appointed habeas counsel. On April 23, 2019. Applicant filed an amended habeas application in the trial court. On May 29, 2019, the applications were forwarded to this Court without findings of fact and conclusions of law from the trial court. The record contained a notation indicating that a motion to dismiss had been filed in the trial court on May 16, 2019, but no such motion was included in the record forwarded to this Court.

On September 27, 2019, this Court received a supplemental record from Dallas County, which included findings of fact and conclusions of law from the trial court, as well as copies of various communications filed by Applicant in the trial court. The trial court in its findings notes that attorney Alan Fishburn was appointed to represent Applicant in this habeas matter on April 1, 2019, and that Fishburn filed a motion to withdraw the application so that Applicant can investigate additional grounds for relief on May 20, 2019. The supplemental record does not contain a copy of that motion, but the trial court recommends that the motion be granted and that the application be dismissed. The letters and motions filed by Applicant in the trial court, which are included in the supplemental record, suggest that Applicant has been unable to communicate with appointed habeas counsel, and that he is not in agreement with the motion to withdraw the habeas application filed by appointed habeas counsel.

As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall determine whether Applicant agrees with appointed habeas counsel's motion to withdraw Applicant's *pro se* application for writ of habeas corpus, and whether he still wants to be represented by habeas counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent.

If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of any order appointing habeas counsel, any notice provided to Applicant of such appointment, and a copy of the motion to withdraw Applicant's habeas application. The trial court shall make findings of fact and conclusions of law as to whether Applicant was provided with copies of any such documents, and as to whether Applicant does indeed want to withdraw his *pro se* habeas application.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 30 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 45 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 23, 2019
Do not publish